2 o'clock case is McNeil v. Ketchens. That's case number 4110253 for the appellant Richard Whitney and for the appellee Frederick Grosser. Please proceed Mr. Whitney. Thank you. Good afternoon, your honors, and may it please the court. Your honors, we've raised four issues on this appeal, but what we're asking the court to do really boils down to two things. First, correct a simple but clear and undisputed mistake of fact that appeared in its prior opinion based on the palpably erroneous evidence. Second, reverse and vacate the circuit court's judgment orders of February 25, 2011, primarily because it had no authority to enter them whatsoever where this court did not remand the case for further proceedings. Your honors, with respect to the palpably erroneous doctrine, what the appellant is asking this court to do is to correct an error of fact that appeared in the prior opinion in this matter pertaining to whether or not he had met the requisites of section 13-109 regarding adverse possession under that statute. We understand that the appellate court, of course, ruled that he did not meet those requirements with respect to the case at bar, but the prior opinion went further than that in saying, well, he couldn't possibly have met it under any circumstances because he didn't possess tract A for the requisite seven years. That is the simple factual error that we ask this court to correct in an opinion in this case, so that whatever rights that he may have with respect to the errors of the Mary Summers Richards codicil, he may be able to assert them depending on what happens in the court below. That's all we're asking this court to do. It's clear beyond peradventure that he hadn't met those requirements. As plaintiffs point out in their own brief, it was actually in the record in the prior appeal, but it was in disparate places. We had asked the court to consider and take judicial notice of a subsequent complaint filed by the same plaintiffs against the same defendant in a suit for trespass in which there it's judicially admitted that, yes, he did physically possess tract A for more than the required seven years under that statute. As a matter of fact, for ten years, and in fact, that's what the new suit is based upon. We understand and respect the fact... He possessed it for seven years or more before a suit was filed? Not before a suit was filed. Well, isn't that dispositive? That is dispositive with respect to the claim of these plaintiffs. We understand that. We're not challenging that. But in as much as the court, in its opinion, said that the only thing that's been settled by the prior opinion was whatever rights plaintiffs had based on the 5% interest that came from the Roberts quit-claim deed, there's still potentially a 95% ownership interest in tract A that has not been resolved. And the appellate court, this court, made that very clear in its opinion that because of the failure to join necessary parties, that it's entirely possible that the heirs of the Richards Codicil could come forward and assert their own claim. What's that got to do with your client, though? I'm not following that. It doesn't have... Well, we're not making the claim. We're the defendant. What it has to do is what rights that my client might have in the event that these 95% owners or some portion of them come forward and state a claim, we may want to be able to raise as a defense, well, wait a second. We met the requisites of 13-109 before your suit was filed. Therefore, we have a right to assert our claim based on that. Now, we're not prejudging how that might play out. We're not even saying that we're going to bring a claim. All we're saying is that it was a clear factual error. Nowhere in plaintiff's briefs do they dispute that there was a factual error. We simply want that factual error corrected so that in the event that something like this happens, my client is able to make the argument in the court below. And that's essentially what it amounts to here. So I realize that the court still is taking with the case, with the appeal itself, the whole question about whether or not it could take judicial notice of this other case for the reasons set forth in our brief. I think it's very clear that the court certainly has the authority to take judicial notice of pleadings in the circuit court extrinsic to this record, particularly where they involve the same parties. And, of course, we would ask the court to do so. But even if the court does not, under the palpably erroneous doctrine, it can still correct the mistake based on the very facts of record that plaintiffs point to in their brief. That you have to go hunting for it through this 1,600 or more page record to find it. But in different parts of the record, yes, it was pointed out that my client did park his car on the property, started paying taxes on it, then the lawsuit was filed, but there was also testimony in other parts of the record that, in fact, he had kept the car parked there occupying the space for more than the seven-year period. So whether the court takes judicial notice of the new lawsuit or not, it still has the authority to correct the simple, uncontested, factual mistake under the palpably erroneous doctrine, and we would ask the court to please do so. With respect to the second main issue on appeal, which has to do with the judgment orders of February 25, 2011 themselves, this case is controlled by the authorities we cited, the Dallin-Jupiter case and the Watkins case. It is clear and undisputable. This court did not remand its reversal of the trial court back to the trial court for any further proceedings. Where there is no remand, the trial court is divested of jurisdiction to do anything else. Accordingly, those two orders were ultra-virus, and they should be voided. The court had no authority whatsoever to enter them. So it's simple, straightforward, black-letter case law, Your Honors. Now, I went on just assuming that for some reason you weren't persuaded by this. I made other arguments that they didn't meet the requisites for notice to the unknown owners and non-record claimants under Section 206 and didn't meet the requirements for service of publication, that is. They never filed an affidavit. They knew who the heirs of the Mary Summers Richards connoisseur were. They knew that back in 2002. Never took any effort to serve them. And accordingly, even if Dallin-Jupiter and the Watkins case somehow don't control the outcome here, I don't see how that's possible, but even assuming that for the sake of argument, they still didn't meet the requisites. Now, I know that plaintiffs have made an argument in their brief that, well, we're not saying that the heirs of the Richards connoisseur were unknown and necessary parties. They say that we were confused by this. But, in fact, that's the way the court below understood it. If you look at the transcript of the December 2010 hearing, the court made it very clear that by entering this default judgment order, finding that the unknown owners and non-record claimants had been served by publication, they've defaulted, the court had every intention to understand this as basically depriving the heirs to the Mary Summers Richards codicil out of the picture, that they were being defaulted as well. And accordingly, we don't think that there's any confusion there. That was what the court was intending to do. But no matter how we look at it, I would urge this court to simply find, based on the Dallin-Jupiter case, it's clear precedent that, yes, those two orders were void. They're hereby vacated and reversed. But if you need to go further, we have other arguments as well. They did not meet the requirements of the codicil procedure as far as serving the non-record claimants. I don't know if the court has any other questions. Everything else is set out in the brief. Otherwise, I'll reserve the rest of my argument for rebuttal. Okay, thank you. You will have time on rebuttal. Thank you, Your Honor. May it please the court, counsel. What he's trying to do is get you to let him have a means to argue in the trespass case that he's got an offense that he was in possession in his property. If you look at what he actually said in the trial court, he did not object to Judge Clem entering either of these orders. On the first order, where Judge Clem essentially sets out what is in our prayers, he says, here's some better language for you, Judge. Have it say that the appellate court decision of last year divested them, when it came out, of their ownership or their possession until that date. So they can then go back into the trial court in Champaign County and say, well, during most of those years, we were in possession of it. Well, they were never in possession of it. He can say this is an undisputed mistake of fact. It's not undisputed. There is no mistake of fact. He wasn't in possession of it. There was no error by this court. He was trespassing for eight months until the suit was filed. It was specifically found that he didn't have the seven years' possession, colored title, and all this. But more importantly than that, in the trial court in the first case, he didn't file a counterclaim. He had this 13-109 in an affirmative defense, which he abandoned. And in the middle of trial in this case, Mr. Whitney got up and said, once to make it clear, we've abandoned our claim under 13-109. It's not in this case. Of course, he did that to keep evidence out about it. But nonetheless, it's not in this case. It's a little late to be asking for relief that he never sought. He talks about the beneficiaries, the codicil of Mary Richard, and he says we're confused. No, he wants to confuse you. He wants you to treat these the same as the unknown owners and non-record claimants. The beneficiaries were not unknown owners and non-record claimants. They were all known people. None of them were parties in this case. There was no attempt to make them parties in this case. The unknown owners and non-record claimants, why was it in here? Well, quite simply, I had seen this in all kinds of things, like in mortgages and put it in, and I even made reference to the mortgage section. In retrospect, I would move to amend the complaint to take that part out of the caption. But going to his issues, his first issue is not in the Notice of Appeal. That should be the end. If you wanted to raise an issue about palpably erroneous, it needs to go into his Notice of Appeal. You shouldn't reach a discussion of the merits of it. But if you choose to, assuming what he says are the requirements, he doesn't meet them. There is no fact that came to light since then. There's no fact that couldn't have been discovered before. The fact is they trespassed all these years. That's not in this view, but that's not an error. There was no error by this court in that regard. Going on to his second issue, the first issue in the Notice of Appeal that he actually filed, he's complaining about Judge Plum entering this order. Well, under Supreme Court rule, I think it's 369, it doesn't have any application here because it is this is the affirmative part and the reversive part. In any event, all Judge Plum did was enter an order that essentially set forth what was in our prayers. I wasn't expecting this letter from Judge Plum. It wasn't addressed just to me. It was addressed to both of us. Mr. Whitney didn't respond, so I did. Judge Plum said, we don't submit an order. He's going to do a docket entry. Well, I thought, well, if we're going to have some kind of order here, and I hadn't encountered that before, I wanted something that's recordable. Because they made an awful mess of the state of title in this case. There were two totally phony deeds they filed, and then they had six deeds that they acquired after the lawsuit was filed. But all courts have ignored it because you have to require deeds under Illinois law of no legal significance. But it still makes a mess of title. However, he's here saying the judge shouldn't have entered that order. But not only did he not object to the order, he proposed language for the order that he thought would help him in his defense in the trespass case. Going on to his next issue, the second one in the notice of appeal he actually filed, the order Judge Clem entered defaulting non-record claimants and unknown owners, I think, as a matter of law, is absolutely meaningless. The judge says, make a motion for default, and I'll grant it. Well, I didn't know what he'd do if I turned down his offer. If I made a motion for default, he didn't object. So he shouldn't be complaining about it, and the judge granted it. And Judge Clem never used any of the draft orders that were submitted. He wrote his own. I'd have done it a bit differently, but I think all it did was clarify what this court did previously. But take it out of the case. It doesn't make any difference. But here's the important thing. It's a matter of jurisdiction and standing in this court. And he talks in his brief about how I said there was no issue of standing in the trial court, and then I say there's an issue of standing, and he's just trying to make it look like I'm saying one thing here and saying another thing there. There was no issue of standing in the trial court. Judge Clem said to him in the middle of an argument, well, what about your standing to talk about this? I don't remember his response. Judge Clem made a ruling. I said nothing about it. He was allowed to address everything he wanted to address in the trial court. Standing in the appellate court is actually unrelated to that. He is trying to raise, trying to appeal from an order that technically perhaps, I don't think it rises to that, affects unknown owners of non-record claims. There are no unknown owners of non-record claims. Sorry I put that in there 13 years ago. I've learned a lot since then. 13 years of litigation in this case. But he has no standing to appeal that. You shouldn't fall for saying Judge Clem didn't have the authority to toss it out. What you should put in your decision is you've got no standing, so you shouldn't be hearing it. Keep it in mind that no matter what you rule on that, it's not going to affect who owns this property. It's not going to affect the interests of the McNeils. But what he's doing is he's giving you, to use the language that I think I've heard mostly from Judge Steigman, he's giving you a choice of slippery slopes. You shouldn't fall for any of them. I have no other comments unless you have questions of me. Seeing none, thank you very much. Mr. Bowe, please. Thank you, Your Honors. Opposing counsel argues that the defendant initially challenged the content of the order below and not the fact of the order itself. And I think what he's trying to do is basically make a waiver argument that somehow we waived it. Well, this was addressed pretty thoroughly in our reply brief. First of all, it's an issue of subject matter jurisdiction, so it can't be waived. Secondly, if you look at the second letter that was sent as part of the record, objecting to the second proposed order that had been submitted, I did question whether or not the trial court even had the authority to enter an order at all. So we did make the argument in the court below. And of course, even if the court decides that in some sense I did waive it, waiver is not a limitation on this court's power. You can still consider it anyway. But I think the issue of subject matter jurisdiction is clear. They didn't have the subject matter jurisdiction. That can be raised at any time. It's kind of curious how we keep hearing, well, now we're hearing that my client was not in possession of Track Day. I think what's happening here is an exercise in sophistry, that when plaintiffs want to argue he was not legally in possession, they state it like that, but we're talking about physical possession for purposes of that Section 13109. And you can look at page 9 of their own brief, and they cite to the record saying that, yes, we had even established it in the record already, that he was physically in possession of Track Day for more than the requisite seven years. So I would ask this court respectfully to disregard the word games here. We're talking about, in this case, for this argument, physical possession. He met the requirements. The prior opinion of the court was factually mistaken. It's not disputed. It's palpably erroneous. Opposing counsel made the argument that Section 13, that we abandoned our argument based on Section 13-109, the seven-year adverse possession. Yes, it was abandoned for a purpose of this case. It doesn't change the fact that he met the requirements. And that's the point here. It doesn't mean that he abandoned it with respect to any possible claimant for all time. It meant that in the context there, because he started his period about a year before the lawsuit was filed, he didn't get the seven years in before their lawsuit was filed. So we weren't able to use that effectively in the court below for purposes of this case. But it doesn't mean that he failed to meet the requirements. Accordingly, that argument is non-responsive here. Opposing counsel says, I didn't object to the entry of the default judgment. I believe that the record makes it clear I did by means of the letter. Conspicuous by its absence in plaintiff's argument, either in their briefs or in argument before their court, is any mention of the Dallin-Jupiter case or any contrary authority showing that the trial court had the authority to enter the orders that he did. And that's really dispositive here, Your Honors. It's very clear. If this court didn't remand the reversal back to the trial court, the trial court has no jurisdiction to do anything. Case closed on that, with respect to that issue. Finally, with respect to the issue of standing, Your Honors, the record is very clear. The trial court did raise an issue of standing in one of the oral colloquies in the court below. We get here. I wanted to raise the issue of the other lawsuit for purposes of standing. They object. This court says, No, we're not going to consider the pleadings in the other case. Which, fine, we respect that. We ask the court to take judicial notice. Then they turn around their brief and says, Well, the appellate doesn't have standing. Well, to me, that seems like they've reversed course. I think that they should be judicially stopped from raising that argument here. In any event, I find it rather curious that someone that can be a litigant for 13 years is suddenly being told he doesn't have standing to appeal a decision that affects his rights. It does affect his rights with respect to any future proceedings that may involve the other 95% heirs of the Richards-Cottesill. For these reasons, we thank the court for your time and for listening. We respectfully ask this court to correct the error in its earlier opinion under the palpably erroneous doctrine, simple factual undisputed error. Secondly, to reverse and vacate the decision of the court below on the February 25th judgment and orders because it had no authority to enter them. Thank you. Thanks to both of you. The case is submitted and the court stands in recess until 3 o'clock.